IN THE CIRCUIT COURT OF THE
SIXTH JUDICIAL CIRCUIT, IN AND
FOR PINELLAS COUNTY, FLORIDA

| | |
|---|---|
| DARLENE ROBERTS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) UCN NO.: 522004CA006011XXCICI<br>)<br>) CASE NO.: 04-000060-11-CI |
| ALL CHILDREN'S HOSPITAL, INC., a Florida corporation, | )<br>)<br>) |
| Defendant. | )<br>) |

## DEFENDANT, ALL CHILDREN'S HOSPITAL, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, ALL CHILDREN'S HOSPITAL, INC. (hereinafter "Defendant"), through its undersigned counsel, and pursuant to Rules 1.140 and 1.190 of the Florida Rules of Civil Procedure, answers the Complaint of Plaintiff, DARLENE ROBERTS (hereinafter "Plaintiff") as follows:

### GENERAL ALLEGATIONS

1. Defendant admits Plaintiff seeks to invoke the jurisdiction of this Court to recover damages allegedly suffered as a result of an alleged unlawful employment practice. Defendant denies commission of any unlawful employment practice, and denies Plaintiff suffered any damages.

2. Defendant admits Plaintiff seeks to invoke the jurisdiction of this Court to remedy alleged unlawful employment practices. Defendant denies the remaining allegations in paragraph 2 of the Complaint.

3. Defendant admits Plaintiff was employed by Defendant in Pinellas County, Florida, but denies any claims arose in said County.

4. Defendant admits Plaintiff is female. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of the Complaint and, therefore, denies them.

5. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint and, therefore, denies them.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits Plaintiff was employed by Defendant from August of 2001 through February of 2004. Defendant denies Plaintiff's employment with Defendant ended on February 5, 2004.

8. Defendant admits Plaintiff was employed by Defendant and was an employee within the meaning of the Florida Civil Rights Act of 1992, as amended ("FCRA"). Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

## COUNT I
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

12. Defendant realleges and incorporates its responses to paragraphs 1 through 11 above as if fully set forth herein.

13. Defendant denies commission of an unlawful employment practice and denies any harassment, offensive or discriminatory conduct toward Plaintiff. Defendant denies any violation of the FCRA.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies commission of unlawful employment practices or discriminatory conduct toward Plaintiff. Defendant further denies Plaintiff suffered damages.

16. Defendant denies commission of unlawful employment practices or discriminatory conduct toward Plaintiff. Defendant further denies Plaintiff suffered emotional distress, mental anguish and/or loss of dignity.

17. Defendant denies commission of any unlawful employment practice or discriminatory conduct toward Plaintiff. Defendant further denies the remaining allegations in paragraph 17 of the Complaint.

## COUNT II
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

18. Defendant realleges and incorporates its responses to paragraphs 1 through 11 above as if fully set forth herein.

19. Defendant denies commission of an unlawful employment practice and denies any harassment, offensive or discriminatory conduct toward Plaintiff. Defendant denies any violation of the FCRA.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies commission of unlawful employment practices or discriminatory conduct toward Plaintiff. Defendant further denies Plaintiff suffered damages.

22. Defendant denies commission of unlawful employment practices or discriminatory conduct toward Plaintiff. Defendant further denies Plaintiff suffered emotional distress, mental anguish and/or loss of dignity.

23. Defendant denies commission of any unlawful employment practice or discriminatory conduct toward Plaintiff. Defendant further denies the remaining allegations in paragraph 23 of the Complaint.

## COUNT III – EQUITABLE INJUNCTIVE RELIEF

24. Defendant realleges and incorporates its responses to paragraphs 1 through 11 above as if fully set forth herein.

25. Defendant admits Plaintiff is seeking equitable injunctive relief because of alleged discrimination. Defendant denies discriminating against Plaintiff and denies Plaintiff is entitled to equitable or any other relief.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies engaging in any discriminatory conduct, denies Plaintiff has been denied equal protection and denies Plaintiff's rights or interests have been violated.

28. Defendant denies Plaintiff is entitled to any remedy, at law or in equity.

## DEMAND FOR JURY TRIAL

Defendant denies committing any acts or omissions that would entitle Plaintiff to a jury trial.

## GENERAL DENIAL

To the extent not expressly admitted herein, the allegations contained in Plaintiff's Complaint are hereby denied.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint, Defendant alleges the following:

## FIRST DEFENSE

All actions taken by Defendant with respect to Plaintiff's employment were made in good faith, based upon legitimate factors and without intent to discriminate against and/or harass Plaintiff in violation of the FCRA.

## SECOND DEFENSE

Assuming *arguendo* Defendant had any improper motive towards Plaintiff, which it did not, the same decisions would have been made with regard to Plaintiff's employment even in the absence of such a factor. Accordingly, Plaintiff's claims are barred due to the failure of "but for" causation.

## THIRD DEFENSE

Plaintiff's claims fail, in whole or in part, because she failed to mitigate her damages.

## FOURTH DEFENSE

Plaintiff's course of conduct during and after her employment constitutes a waiver of the claims asserted in her Complaint.

## FIFTH DEFENSE

Plaintiff is estopped to maintain this action because of her conduct during her employment.

## SIXTH DEFENSE

Defendant has a well-disseminated and consistently enforced policy against discrimination and harassment, as well as a reasonable and available procedure for receiving and investigating complaints of alleged discrimination and harassment. To the extent Plaintiff failed to use or otherwise avail herself of these policies and procedures, her claims are barred.

## SEVENTH DEFENSE

Defendant took affirmative measures to provide a workplace free from unlawful discrimination, harassment and/or retaliation and, therefore, Plaintiff's claim for punitive damages is barred.

## EIGHTH DEFENSE

Plaintiff's claims are barred because she failed to exhaust her administrative remedies and failed to satisfy conditions precedent to suit in accordance with Section 760.11 (1), (4) and (8) of the Florida Statutes.

## NINTH DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted because Plaintiff failed to exhaust her administrative remedies and failed to satisfy conditions precedent to suit in accordance with Section 760.11 (1), (4) and (8) of the Florida Statutes.

## ADDITIONAL DEFENSES

Defendant reserves the right to bring any additional affirmative defenses that become known during the litigation of this matter.

WHEREFORE, Defendant, ALL CHILDREN'S HOSPITAL, INC., prays as follows:

A.   That judgment is entered in favor of Defendant and against Plaintiff, and that the Complaint herein is dismissed with prejudice;

B.   That Defendant be awarded its costs of suit herein;

C.   That Defendant be awarded its reasonable attorneys' fees as may be determined by this Court pursuant to Fla. Stat. 57.105(2003) and Fla. Stat. 760.11(4); and

D.   That Defendant be awarded such other and further relief as the Court may deem just and proper.



DATED this 1st day of September, 2004.

Respectfully submitted,

JACKSON LEWIS LLP
390 North Orange Avenue, Suite 1285
Post Office Box 3389
Orlando, Florida 32802-3389
Telephone:   (407) 246-8440
Facsimile:   (407) 246-8441

By: _____
Donald C. Works, III
Florida Bar No. 340308

Attorneys for Defendant, ALL CHILDREN'S HOSPITAL, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of All Children's Hospital, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint has been furnished by U.S. Mail this 1st day of September, 2004 to Ginger Ann DeGroff, Esquire, Staack, Simms & Hernandez, P.A., 900 Drew Street, Suite 1, Clearwater, Florida 33755.

_____
Donald C. Works, III