IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
UCN: 522004CA00006011XXCICI
REF: 04-000060-11-CI

DARLENE ROBERTS,

    Plaintiff,

vs.

8:04cv2301-T-30EAJ

**JURY TRIAL DEMANDED**

ALL CHILDREN'S HOSPITAL, INC.,
a Florida corporation,

    Defendant.

_____/

## FIRST AMENDED COMPLAINT

COMES NOW, the Plaintiff, DARLENE ROBERTS, by and through her undersigned attorney, and hereby sues Defendant, ALL CHILDREN'S HOSPITAL, INC., and as grounds therefor would state as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages based on an unlawful employment practice committed by Defendant, and jurisdiction of this Court is invoked pursuant to the provisions of the Florida Civil Rights Act of 1992, Florida Statutes § 760.01-760.11 (2001).

2. This is a civil action seeking damages against Defendant for unlawful employment practices which deprived Plaintiff of rights secured under the Constitution and laws of the United States of America; and for neglecting to prevent such practices.

3. The claims asserted in this complaint arose in Pinellas County, Florida.

4. Plaintiff, DARLENE ROBERTS (hereinafter referred to as "ROBERTS") is an African American female in her late forties, and a citizen of the United States.

5. At all times material hereto, Plaintiff, ROBERTS was a resident of the County of Pinellas, State of Florida.

6. Defendant, ALL CHILDREN'S HOSPITAL (hereinafter referred to as "ALL CHILDREN'S"), is a Florida corporation organized and existing under the laws of the United States and the State of Florida, having its principal place of business in Pinellas County, and is an "employer" within the meaning of the Florida Civil Rights Act of 1992, Florida Statutes § 760.01-760.11 (2001).

7. Plaintiff ROBERTS was employed by ALL CHILDREN'S from August of 2001, until February 5, 2004.

8. At all times material hereto, Plaintiff ROBERTS was an "employee" of ALL CHILDREN'S and as such, is a member of the protected class of "employees" as defined in the Florida Civil Rights Act of 1992, Florida Statutes § 760.01-760.11 (2001).

9. Defendant, ALL CHILDREN'S, has established a pattern of preferential treatment to Caucasian employees.

10. Defendant, ALL CHILDREN'S, has established a pattern of unlawful employment practices towards African American employees, disparately treating them.

11. Defendant, ALL CHILDREN'S, has established a pattern of unlawful employment practices towards older employees, disparately treating them.

## COUNT I
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

12. Plaintiff ROBERTS realleges and incorporates paragraphs 1 through 11 above as if fully recited herein.

13. Defendant's unlawful employment practice, harassment, offensive, and discriminatory conduct towards ROBERTS based on her race is in direct violation of §760.10, Florida Statutes

(2001), cited as the "Florida Civil Rights Act of 1992" (hereinafter "FCRA"), which states in pertinent part:

> (1) It is an unlawful employment practice for an employer (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

14. As a direct and proximate result of Defendant's conduct described above, ROBERTS has been damaged in that she has been deprived of equal protection rights and her individual rights, interests, and employment privileges have been violated.

15. Defendant's unlawful employment practices and discriminatory conduct towards ROBERTS based on her race was a direct and proximate cause of Plaintiff's damages.

16. As a result of Defendant's unlawful employment practices and discriminatory conduct towards ROBERTS, Plaintiff has also suffered emotional distress, mental anguish, and loss of dignity. As a result of Defendant's unlawful employment practice and discriminatory conduct towards ROBERTS, Plaintiff has suffered great economic and other loss. Because of the damages sustained, ROBERTS is entitled to such affirmative relief as may be appropriate, including but not limited to lost wages, {and} lost retirement benefits pursuant to the Florida Civil Rights Act of 1992, Florida Statutes § 760.01-760.11 (2001).

WHEREFORE, Plaintiff, DARLENE ROBERTS, requests this Honorable Court grant the following relief:

    a. Take jurisdiction over the cause and the parties;

    b. Grant a trial by jury;

    c. Enjoin Defendant's continuing unlawful employment practice;

d. Award Plaintiff damages against Defendant, including but not limited to, damages for mental anguish, loss of dignity, back pay, compensatory and punitive damages to be determined by expert witnesses;

e. Enter an order reinstating her to the position(s) she previously held with ALL CHILDREN'S HOSPITAL, or in the alternative, awarding her front pay;

f. Award reasonable costs, including attorney's fees pursuant to Florida Civil Rights Act of 1992, Florida Statutes § 760.11 (2001); and

g. For such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT II
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

17. Plaintiff ROBERTS realleges and incorporates paragraphs 1 through 11 above as if fully recited herein.

18. Defendant's unlawful employment practice, harassment, offensive, and discriminatory conduct towards ROBERTS based on her age is in direct violation of §760.10, Florida Statutes (2001), cited as the "Florida Civil Rights Act of 1992" (hereinafter "FCRA"), which states in pertinent part:

> (1) It is an unlawful employment practice for an employer (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

19. As a direct and proximate result of Defendant's conduct described above, ROBERTS has been damaged in that she has been deprived of equal protection rights and her individual rights, interests, and employment privileges have been violated.

20. Defendant's unlawful employment practice and discriminatory conduct towards ROBERTS based on her age was a direct and proximate cause of Plaintiff's damages.

21. As a result of Defendant's unlawful employment practice and discriminatory conduct towards ROBERTS, Plaintiff has also suffered emotional distress, mental anguish, and loss of dignity.

22. As a result of Defendant's unlawful employment practice and discriminatory conduct towards ROBERTS, Plaintiff has suffered great economic and other loss.

23. Because of the damages sustained, ROBERTS is entitled to such affirmative relief as may be appropriate, including but not limited to lost wages, lost retirement benefits pursuant to the Florida Civil Rights Act of 1992, Florida Statutes § 760.01-760.11 (2001).

WHEREFORE, Plaintiff, DARLENE ROBERTS, requests this Honorable Court grant the following relief:

    a.    Take jurisdiction over the cause and the parties;

    b.    Grant a trial by jury;

    c.    Enjoin Defendants' continuing unlawful employment practice;

    d.    Award Plaintiff damages against Defendant, including but not limited to, damages for mental anguish, loss of dignity, back pay, compensatory and punitive damages to be determined by expert witnesses;

    e.    Enter an order reinstating her to the position she previously held with ALL CHILDREN'S HOSPITAL, or in the alternative, awarding her front pay;

    f.    Award reasonable costs, including attorney's fees pursuant to Florida Civil Rights Act of 1992, Florida Statutes § 760.11 (2001); and

    g.    For such other and further relief as the Court may deem just and proper under the circumstances.

STAACK, SIMMS & HERNANDEZ, P.A., Attorneys
900 Drew Street, Suite 1, Clearwater, FL 33755

## COUNT III
## VIOLATION OF THE FEDERAL CIVIL RIGHTS ACT OF 1964
## 42 USCS § 2000A, ET. SEQ.

24. Plaintiff realleges and incorporates paragraphs 1 through 11 above as if fully recited herein.

25. Defendant's discriminatory conduct towards Plaintiff based on her race is in direct violation of Title VII, Federal Civil Rights Act of 1964, 42 USCS § 2000a, et. seq. (2002).

26. At all times material hereto, Plaintiff was an "employee" and, as such, is a member of the protected class of "employees" as defined in 42 USCS § 2000e(f).

27. Defendant is an "employer" and/or "person" as defined in 42 USCS § 2000e (a) and (b).

28. Plaintiff was denied equal employment opportunities and employment privileges under the law which other Caucasian employees similarly situated have received.

29. As a direct and proximate result of Defendant's conduct described above, Plaintiff has been damaged in that she has been deprived of equal protection rights, and her individual rights, interests and privileges have been violated.

30. Defendant's unlawful and discriminatory employment practices toward Plaintiff, based on her race and national origin, were a direct and proximate cause of Plaintiff's damages.

WHEREFORE, Plaintiff prays that this Court determine Defendant is liable for all damages incurred by Plaintiff, and that a judgment be entered against Defendant for:

    a. Compensatory damages, including, but not limited to, damages for Plaintiffs, based on their race and national origin, were a direct and proximate cause of Plaintiffs' damages.

    b. Attorney's fees and cost associated with this action;

    c. Damages for mental anguish.

## COUNT IV
## VIOLATION OF THE FEDERAL AGE DISCRIMINATION IN EMPLOYMENT ACT, TITLE 29 USCS § 601, et seq.

31. Plaintiff realleges and incorporates paragraphs 1 through 11 above as if fully recited herein.

32. Defendants' discriminatory conduct towards Plaintiff based on her age is in direct violation of Title 29, Federal Fair Labor Standards, 29 USCS § 621 et. seq. (2004).

33. At all times material hereto Plaintiff was an "employee" and, as such, is a member of the protected class of "employees" as defined in 29 USCS § 622.

34. Defendant is an "employer" and/or "person" as defined in 42 USCS § 622.

35. Plaintiff was denied equal employment opportunities and employment privileges under the law which younger employees similarly situated have received.

36. As a direct and proximate result of Defendant's conduct described above, Plaintiff has been damaged in that she has been deprived of equal protection rights, and her individual rights, interests and privileges have been violated.

37. Defendant's unlawful and discriminatory employment practices toward Plaintiff, based on her age, were a direct and proximate cause of Plaintiff's damages.

WHEREFORE, Plaintiff prays that this Court determine Defendant is liable for all damages incurred by Plaintiff, and that a judgment be entered against Defendant for:

    a. Compensatory damages, including, but not limited to, damages for Plaintiffs, based on their race and national origin, were a direct and proximate cause of Plaintiffs' damages.

    b. Attorney's fees and cost associated with this action;

    c. Damages for mental anguish.

## COUNT IV
## EQUITABLE INJUNCTIVE RELIEF

38. Plaintiff ROBERTS realleges and incorporate paragraphs 1 through 11 above as if fully recited herein.

39. This is an action for equitable injunctive relief arising from unlawful discrimination towards ROBERTS, a former employee of the Defendant, ALL CHILDREN'S.

40. Plaintiff ROBERTS has exhausted her administrative remedies.

41. As a result of Defendant's discriminatory conduct, ROBERTS have been denied equal protection of the law and her rights and interests have been violated.

42. Plaintiff ROBERTS has no adequate remedy at law.


WHEREFORE, the Plaintiff, DARLENE ROBERTS, requests that the Court order Defendant, ALL CHILDREN'S HOSPITAL, INC., to fund a program, overseen and run by a third party, which shall establish equal employment opportunity policies and practices, and monitor their implication, enjoin Defendant's continuing unlawful employment practices, enter an award for compensatory damages, for reasonable attorney's fees, costs and any other further relief as the Court may deem proper.


[ INTENTIONALLY LEFT BLANK ]

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable herein.

STAACK, SIMMS & HERNANDEZ, P.A.

_____
James A. Staack, Esquire
FBN: 296937      SPN: 00804684
Ginger A. DeGroff, Esquire
FBN: 051550      SPN: 01684530
900 Drew Street, Suite 1
Clearwater, Florida 33755
Ph: (727) 441-2635   Fax: (727) 461-4836
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail, to: Donald C. Works, III, Esquire, JACKSON LEWIS LLP, P.O. Box 3389, Orlando, FL 33802-3389, on this ___1ST___ day of October, 2004.

*also via facsimile Yes ___ No _✓_

_____
Ginger A. DeGroff, Esquire

E:\GINGER\Roberts\1ST-AMD-COMPL.wpd